UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FARM BUREAU INSURANCE

        Plaintiff,

v.                                                                                  Case No. 1:08-CV-922

DEERE COMPANY,                                                  HON. GORDON J. QUIST

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

In 2005, James and Eric Voisinet purchased a used 2003 John Deere 9320 4WD tractor from D & G Equipment, Inc. James Voisinet was driving the tractor on April 19, 2007. It allegedly caught fire when he activated the tractor's cab exterior lights. The tractor, insured by Plaintiff Farm Bureau Insurance (Farm Bureau), was a total loss. Farm Bureau paid Voisinet $136,500; Voisinet paid a $1,000 deductible. Farm Bureau sued Deere Company (Deere) as the insureds' subrogee to recover the money it paid the insured and the deductible Voisinet paid Farm Bureau. Farm Bureau alleges three counts – negligence, product liability, and breach of warranty.

Deere filed a Motion for Partial Judgment on the Pleadings. Deere contends that the economic loss doctrine bars recovery in tort and asks that counts I and II be dismissed. Farm Bureau argues that the economic loss doctrine does not apply to unsophisticated consumer purchasers who lack privity with the manufacturer. For the following reasons, Deere's motion is granted.

The economic loss doctrine bars recovery in tort for an alleged product defect when the defect causes damage confined to the good itself and the losses are solely economic. *Sullivan Ind.,*

*Inc. v. Double Seal Glass Co., Inc.*, 192 Mich. App. 333, 339, 480 N.W.2d 623, 627 (1991). In the genesis of the doctrine, it applied only to commercial parties bound by privity. *Niebarger v. Universal Coops., Inc.*, 439 Mich. 512, 527-28, 486 N.W.2d 612, 618 (1991) (applying the doctrine to purely commercial transactions); *Auto-Owners Ins. Co. v. Chrysler Corp.*, 129 Mich. App. 38, 40-41, 341 N.W.2d 223, 224 (1983) (noting that the rationale of the economic loss doctrine fails where there is no privity). However, Michigan courts have expanded the doctrine to satisfy the underlying objectives of tort and contract law.

In *Sullivan*, the Michigan Court of Appeals reasoned that "the allocation of the risk of nonperformance" was an essential element of the negotiations between commercial entities. *Sullivan*, 192 Mich. App. at 343, 480 N.W.2d at 629. Permitting tort recovery in such circumstances would frustrate the UCC's intent to enable commercial bargainers to define clearly the scope of their liability for nonperformance. *Id.* Furthermore, *Sullivan* noted that the primary policy objective of tort law, protecting persons and other property from dangerous or unsafe products, was absent where the only damage was to the defective product. *Id.* at 343-44. These considerations led the *Sullivan* court to conclude that whether the economic loss doctrine applies should be "determine[d] [by] the type of loss" rather than the presence or absence of privity. *Id.*

In *Sherman v. Sea Ray Boats, Inc.*, 251 Mich. App. 41, 649 N.W.2d 783 (2002), the court considered whether the economic loss doctrine applied to a purely consumer transaction. The *Sherman* court examined the underlying duties which arose in previous cases applying the doctrine and determined that "whether the parties were of equal bargaining power" was irrelevant to "whether a duty arose . . . separate[ly] . . . from contract." *Id.* at 48, 649 N.W.2d at 787. The court reasoned that a manufacturer's "duty to design its product to eliminate any unreasonable risk of foreseeable injury" was not implicated where the only harm caused by the alleged defect was to the

product itself. *Id.* at 55, 649 N.W.2d at 790. The *Sherman* court concluded that the economic loss doctrine applied to a consumer whose boat, purchased for leisure use from a Sea Ray dealer, exhibited signs of serious (and costly) decay twelve years later. *Id.* at 42-3, 53, 649 N.W.2d at 784, 790.

Farm Bureau argues that the economic loss doctrine has been applied in the absence of privity only where the parties were commercial entities and privity was irrelevant to the availability of a remedy for breach of warranty. It attempts to distinguish the cases in which courts have applied the doctrine in the absence of privity by noting, "[i]n those cases . . ., the defendant was a supplier of a product, the plaintiff was the consumer of that product, and the economic losses emanated from the failure of the product to meet the expectations of the . . . consumer." But, that is the case here. Furthermore, *Sherman* makes clear that whether the purchaser is a commercial entity is irrelevant. The critical considerations are the nature of the harm, the source of the implicated duty, and the policy interests underlying tort and contract law. These unequivocally warrant the application of the economic loss doctrine in this case.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (docket no. 7) is **GRANTED**. Counts I and II of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**.


Dated:  January 14, 2009                        /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE